JAMES MALONE, ETC., *v.* FRED K. MARK.

**Descent and Distribution—Recovery of Land Conveyed.**

Where a husband, with the consent of his wife, conveys her inheritance with a covenant of warranty, her heirs, who are also heirs of the husband, can not recover the land from the vendee of the husband, such heirs having received a greater estate from their father.

APPEAL FROM BULLITT CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE PRYOR:

It is true as insisted by counsel for appellants that they are claiming the land in controversy, not as heirs of their father, but as heirs of their mother, the title to the land having descended to them from the mother.

The manner in which they derive title, however, does not affect the issue involved in this case.

If the land had been conveyed to the appellants by a stranger and the father had prior thereto or afterwards conveyed it to another with a clause warranting the title, his heirs would have been liable to the extent of assets received by them from him.

The power of attorney executed by the heirs of John Myers empowered their attorney to sell all their right, title and interest they had in the land purchased by the appellee as his vendor. It recites that the grantees executing the power, including James Malone, are the heirs of John Myers. The object was to make an absolute sale of all the land, and the deed by the attorney purports to pass to the purchasers the absolute title. If Malone was now being in a controversy between him and his vendee as to the extent of the interest conveyed him by Malone's attorney under the power before referred to, could there be any doubt entertained by the chancellor upon that question? The plain intention as well as the language of the power was to authorize the agent or attorney to sell the absolute right and title to this land and there is an express warranty in the deed to Stokes, the vendor of the appellee, by which Stokes is to hold the right and title as against James Malone and his heirs.

12

These children, the appellants, are the heirs of James Malone and according to the proof have received into their possession by devise from their father a large and valuable estate.

The 18th section of the Revised Statutes, page 229, Chapter 80, provides: "That if the deed of the grantor warrants the estate purporting to be conveyed against him and his heirs, and any estate, real or personal, shall descend to the claimant, or come to him by devise or distribution from the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by devise, descent or distribution."

The father, having warranted the title as against himself and his heirs, they being the appallents, and the latter having received an estate by devise from him exceeding greatly in value the land sought to be recovered, are thereby precluded from maintaining this action, the section of the statute referred to making such a defense when ascertained by the proof a complete bar to a recovery. The identical question made in this case has heretofore been decided by this court in the case of *Lane v. Berry,* 2 Duvall, 283.

The judgment of the court below is *affirmed.*

*A. H. Field, for appellants.*

*Thompson, W. J. McConathy, for appellee.*